## DANIEL & SCOTT v. SOUTHERN BANK OF KENTUCKY et al.

**Execution Sale — Rescission of Contract.**

> If there are such irregularities in the proceedings out of which an execution sale is made as to render the sale void, the purchaser must tender back the property within a reasonable time after the discovery of the irregularities or offer a good and sufficient reason for not making the tender, before he is entitled to a rescission of the contract.

APPEAL FROM MARSHALL CIRCUIT COURT.

September 28, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The sheriff of Galloway county, by virtue of an execution then in his hands against the estate of Bryant Downing and others, sold the slaves of said Downing on a credit of three months, two of whom appellant Daniel purchased and executed his bond for their price, with appellant Scott as his surety. After said bond matured the obligors filed their petition in equity to rescind the contract and properly enjoin the collection of the money, on the ground that they had by the alleged purchase acquired no title to the slaves.

They allege in their petition that Downing, previous to the sale, had died, leaving his last will, which had been properly proved and admitted to record, by which he had emancipated said slaves, that their parents had threatened to bring suit for their freedom, and they feared they would suffer the loss of the price they had bound themselves in their bond to pay, if its collection was coerced. They also allege that there were irregularities and errors in the proceedings to and at the sale sufficient to render it void, which we need

not recite *in extenso*, but which are relied upon as additional grounds for setting aside the contract.

The grounds relied upon for the relief asked appellants allege were unknown to them at the time they executed the bond.

The negroes are not made defendants to the action, and there is no allegation that any suit had been instituted by the negroes themselves, or any one for them, to establish their rights of free- dom, or that appellants or their vendee (for it is conceded in argu- ment that appellants had sold them before they instituted this action) had in any way been disturbed in the possession of the negroes.

But if the facts alleged exist, and appellants were ignorant of them, in order to entitle them to a rescission they should have ten- dered the negroes back within a reasonable time after the discov- ery of those facts, or should have offered a good and sufficient rea- son for not making the tender, neither of which they have done, and for this reason, if for no other, a rescission could not be adjudged.

Moreover, the evidence shows that appellant Daniel when he purchased was apprised of the existence of the will and of the other irregularities of which complaint is now made, and urged the sale notwithstanding and became the purchaser to speculate on the chances.

Appellants have failed to show that they are entitled to any relief and the judgment must, therefore, be affirmed.